UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN HOFFMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CV-0224-CVE-CDL |
| | ) |
| PRYER AEROSPACE, LLC, a domestic | ) |
| limited liability company professional, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is defendant Pryer Aerospace, LLC's second motion for partial dismissal (Dkt. # 20). Plaintiff John Hoffman filed a response (Dkt. # 26), and defendant filed a reply (Dkt. # 27).

On May 21, 2020, plaintiff filed a complaint (Dkt. # 2) alleging, inter alia, retaliation based on racial discrimination in violation of Title VII (count two). Dkt. # 2, at 5. Plaintiff attached no exhibits to his complaint. Defendant filed a motion for partial dismissal (Dkt. # 6), arguing that plaintiff provided no evidence that plaintiff exhausted his administrative remedies prior to bringing count two, as mandated by Title VII. Plaintiff responded (Dkt. # 15) that plaintiff filed charges with the appropriate agencies and that those charges adequately stated that plaintiff believed his suspension and termination were retaliatory acts. The Court granted defendant's motion to dismiss without prejudice and allowed plaintiff to file an amended complaint "to restate all other claims and amend his Title VII retaliation claim, including exhibits" by August 14, 2020. Dkt. # 17, at 4.

Plaintiff filed his first amended complaint (FAC) (Dkt. # 18) on August 14, 2020, alleging the following counts: hostile work environment in violation of Title VII (count one), retaliation in violation of Title VII (count two), and race discrimination in violation of Title VII (count three). Plaintiff attached five exhibits to the FAC: an employment discrimination complaint, two charges of discrimination; an email from plaintiff's attorney to Oklahoma's Office of the Attorney General regarding amending a charge; and a Dismissal and Notice of Rights.

In its second motion for partial dismissal (Dkt. # 20), defendant again challenges the adequacy of the retaliation claim (count two) pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant states that the claim for retaliatory termination was never properly included in plaintiff's charges of discrimination, and thus that claim was not administratively exhausted. Defendant also states plaintiff has not stated a claim for retaliatory suspension in his FAC. Plaintiff responds (Dkt. # 26) that, when considering the new documents, plaintiff has shown that he exhausted his administrative remedies to the extent possible. Plaintiff argues that, in any event, defendant was on notice as to plaintiff's claims of retaliation prior to this litigation because they were discussed at the mediation between the parties.

I.

In 2014, plaintiff began working for defendant. Dkt. ## 18, at 3; 21, at 3. On February 1, 2018, plaintiff completed an "Employment Discrimination Complaint" ("February complaint"), No. CR-18-0010-E, with the Oklahoma Attorney General's Office of Civil Rights Enforcement (OCRE). Dkt. # 18-1. In that complaint, he alleged defendant discriminated against him, harassed him, and retaliated against him on the basis of race. Id. This form indicated the last incident of

discrimination, harassment, or retaliation occurred on January 10, 2018.  Id.  OCRE mailed a copy of the February complaint to defendant on February 20, 2018.  Dkt. ## 18, at 4; 21, at 5.

On April 12, 2018, plaintiff completed Equal Employment Opportunity Commission (EEOC) Form 5, titled "Charge of Discrimination" ("April charge").  Dkt. # 18-2.  That charge, No. 31B-2018-00024, corresponded to the February complaint, No. CR-18-0010-E.  Id.  In the April charge, plaintiff checked boxes alleging discrimination based on "race" and "retaliation."  Id.  Confusingly, the form states that the earliest date that the discrimination took place was June 2, 2014, that the latest date the discrimination took place was also June 2, 2014, and that the discrimination was a "continuing action."  Id.  In the April charge, plaintiff alleged:

1. I am a Caucasian male that started work for [defendant] on June 9, 2014, and I remain employed with it.  My significant other is an African American woman and we have a mixed race son.

2. I feel as if I have been discriminated against because of the race of my significant other and son.  I have been subjected to harassment and denied a promotion.

3. I have also witnessed discrimination and harassment directed at other employees of [defendant].

4. I have contacted Human Resources multiple times and advised them of the problem, but nothing has been done.

Id.  A stamp on the document indicates that the April charge was received by the OCRE on April 16, 2018.  Id.  OCRE mailed a copy of the April charge to defendant on May 1, 2018.  Dkt. ## 18, at 4; 21, at 5.

At some point, in approximately the last week of April 2018, defendant suspended plaintiff and, within a matter of days, terminated his employment.  Dkt. ## 18, at 4; 21, at 4.  On May 29, 2018, plaintiff completed another EEOC charge of discrimination form, No. 564-2018-00149 ("May

3

charge"). Dkt. # 18-3. The May charge states "race" and "retaliation" are the basis for the charge.

Id. In the May charge plaintiff stated:

> 1. I was hired on or about June 2014 in the heat treatment department. During the first few years of my employment I was treated well while being trained and groomed for management. I was often left in charge of the department. But that changed when my supervisor learned I had a bi-racial child and a black girlfriend. I found myself ostracized especially when I opposed racial jokes and the racially charged workplace. I complained to management and HR with no intervention. I was called to meet with HR on or about October 2017, where I was informed that my allegations of racial discrimination were substantiated, but the company still wanted to invest in the manager because he did good work. Basically, I was told grow up. Since my report and opposition my work performance has been overly scrutinized and most recently, I have been placed on suspension for allegedly contacting a customer.
>
> 2. I believe my employer is looking for a reason to terminate my employment.
>
> 3. I believe I have been retaliated and discriminated against because of my race (White) in violation of Title VII of the Civil Rights Act of 1964, as amended.

Id. The May charge does not bear a date stamp indicating that it was received, but plaintiff alleges that it was "filed with the EEOC." Dkt. # 18, at 5. There is no indication that the EEOC or OCRE sent the May charge to defendant, or issued any form of notice based on the charge.

Plaintiff filed the February complaint, April charge, and May charge without the assistance of counsel. Dkt. # 18, at 5. Plaintiff retained counsel on or about June 8, 2018. Dkt. # 18, at 5. On June 12, 2018, counsel reached out to the OCRE regarding charge CR-18-0010-E, which corresponds to the February complaint and April charge. Dkt. # 18-4. In that email, plaintiff's counsel requested that plaintiff's charge be amended to reflect that plaintiff had been terminated. Id. The record is silent on the outcome of the request. However, plaintiff states that, in November

2018, plaintiff and defendant attended mediation conducted through the OCRE, at which time termination was discussed. Dkt. # 26, at 5.

On February 26, 2020, OCRE sent a notice to plaintiff, titled "Dismissal and Notice of Rights." The notice stated "[t]he OCRE is closing its file on and dismissing the above referenced complaint" because "[t]he OCRE has received a request from the Complainant for a Dismissal and Notice of Right to Sue." Id. The notice indicated it was in response to the February complaint and the April charge. Id. The notice included a notice of the right to sue. Id.

On May 21, 2020, plaintiff filed this action. Dkt. # 2. Plaintiff alleged, among other things, "his suspension and termination were retaliation for his protected opposition to discrimination when he complained about a racially hostile work environment and being ostracized by his coworkers after they learned about his affiliation with an African American woman and his biracial child." Dkt. # 18, at 4. Plaintiff further alleged that, "[b]y terminating the Plaintiff's employment because he engaged in protected opposition to discrimination and harassment, Defendant has violated Title VII of the Civil Rights Act of 1964." Id. at 6. Plaintiff attached no exhibits to his complaint.

Defendant filed a motion for partial dismissal (Dkt. # 6), arguing plaintiff failed to exhaust his administrative remedies prior to bringing that claim, as mandated by 42 U.S.C. §§ 2000e-5(e) of Title VII. Plaintiff responded (Dkt. # 15), arguing that plaintiff filed charges with the appropriate agencies and that those charges adequately stated plaintiff believed his suspension and termination were retaliatory acts. On August 7, 2020, this Court granted defendant's motion to dismiss without prejudice and allowed plaintiff to file an amended complaint by August 14, 2020. Dkt. # 17, at 4. Specifically, the Court allowed plaintiff to "amend his complaint to restate all other claims and

amend his Title VII retaliation claim, including exhibits (his right-to-sue letter and amended EEOC/[OCRE] documents)." Dkt. # 17, at 4 (footnote omitted).

Plaintiff filed his FAC (Dkt. # 18) on August 14, 2020. Plaintiff attached five exhibits to the FAC: the February complaint, the April charge, the May charge, the email from plaintiff's attorney to Oklahoma's Office of the Attorney General from June 12, 2020 requesting an amendment to the April charge; and a Dismissal and Notice of Rights regarding the April charge. The Court now evaluates whether count two of the FAC withstands defendant's second motion for partial dismissal.

## II.

"The Court's function on a Rule 12(b)(6) motion is not to weigh the evidence that the parties might present at trial, but to assess whether the plaintiff's complaint is legally sufficient to state a claim for which relief may be granted." Ramer v. Crain, No. 16-CV-754-JED-FHM, 2019 WL 4602816, at *2 (N.D. Okla. Sept. 23, 2019) (citing Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 757 F.3d 1125, 1135 (10th Cir. 2014).[1] Exhibits attached to the complaint are considered part of the pleading for all purposes. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."). To survive a motion to dismiss, a complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662,

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

6

678 (2009). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).

A court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id.

### III.

At least one thing has been clarified by plaintiff's FAC: the administrative record is not clear. Plaintiff, in an effort to satisfy the Court's directive to provide evidence of administrative exhaustion as to count two (Dkt. # 17, at 4), has submitted two notarized charges of discrimination (the April charge and the May charge), an email evidencing an attempt to amend the April charge to include termination, and a right to sue notice for the April charge. However, the documents have generated more questions than answers.

In its second motion for partial dismissal (Dkt. # 20), defendant again argues that plaintiff failed to exhaust his administrative remedies for the retaliatory termination claim (count two). Specifically, defendant argues the April charge does not mention termination, that counsel's attempt

to amend the April charge via email to include termination was not effective, and that, as a result, the right to sue notice issued for the April charge does not permit plaintiff to sue for termination. Dkt. # 20, at 4-7. Defendant also argues that the May charge should be disregarded because there is no evidence it was ever submitted. Id. at 4. Alternately, if the Court finds the May charge should be considered, defendant argues that the May charge does not reference termination, and, even if it did, there is no right to sue notice from the EEOC of OCRE in connection with the May charge. Id. at 6-7. Defendant argues that, with these defects, the May charge is not evidence of administrative exhaustion of the termination claim. In a footnote, defendant also asserts that plaintiff has not asserted a claim for retaliatory suspension. Id. at 3 n.2. Presumably, this is why defendant does not address arguments relating to the retaliatory suspension allegation in the May charge until its reply (Dkt. # 27).

In his response (Dkt. # 26), plaintiff argues that, contrary to defendant's argument in footnote two, the FAC states a claim based on plaintiff's retaliatory suspension. Dkt. # 26, at 3. More fundamentally, plaintiff argues that defendant's "perfunctory" assertion in footnote two does not properly raise this argument before the Court as a possible ground on which to dismiss the retaliation claim. Dkt. # 26, at 2-3. Plaintiff further argues that he exhausted his administrative remedies with respect to the charge of termination because the OCRE "failed to take action" when plaintiff's counsel emailed the OCRE to amend the charge to include termination. Id. at 4-5. Finally, plaintiff argues that, regardless of the alleged failures of OCRE to amend the April charge or to properly pursue and respond to the May charge, defendant had fair notice plaintiff intended to pursue retaliation claims based on both termination (April charge) and suspension (May charge). Id. at 5.

Plaintiff claims that defendant knew and understood plaintiff viewed both of these actions as retaliatory.

In reply (Dkt. #27), defendant argues that no additional allegations have been presented to the Court in the FAC that would lead this Court to conclude plaintiff had pled a claim for retaliation based on his suspension. Dkt. # 27, at 4. Further, defendant argues that, even assuming plaintiff had stated such a claim, he did not administratively exhaust it where he did not receive a right to sue based on that charge.

### A. Retaliatory Suspension

First, the Court finds that, pending resolution of the issues regarding whether or how the May charge was received or processed by the EEOC or OCRE, a claim for retaliatory suspension has been pled. Under Rule 8, in order to state a claim a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Khalik v. United Air Lines, 671 F.3d 1188, 1190 (10th Cir. 2012). "[S]pecific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. at 1191 (internal quotations, ellipsis, citations, and alterations omitted). In the FAC, the section titled "SECOND CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF TITLE VII" incorporates all the factual allegations and goes on to state that "[b]y terminating the Plaintiff's employment . . . Defendant has violated Title VII . . .". Dkt. # 18, at 6. The parties dispute whether the factual allegation included in that claim, that plaintiff's "suspension and termination were retaliation for his protected opposition to discrimination when he complained about a racially hostile work environment" (Dkt. # 18, at 4) is sufficient to state plaintiff's claim that the defendant suspended plaintiff in violation

of Title VII. The Court, however, does not reach that issue, because the claim is quite plainly stated in the May charge.

Per Federal Rule of Civil Procedure 10(c), the Court considers all documents attached as though they are part of the pleading. Fed. R. Civ. P. 10(c). In the May charge plaintiff states "[s]ince my report [of discrimination] and opposition [to discriminatory behavior] . . . I have been placed on suspension for allegedly contacting a customer. . . . I believe I have been retaliated and discriminated against . . . in violation of Title VII . . . ." Dkt. # 18-3. That statement gives fair notice to defendant that plaintiff is bringing his claim of retaliation, in part, based on a suspension he believes was the result of his opposition to discrimination in the workplace. In light of that clear allegation, the Court finds defendant's assertion that no claim of retaliatory suspension was stated in FAC is without merit.

## B. Administrative Exhaustion

The claim for both retaliatory suspension and termination (count two) will ultimately fail if plaintiff did not administratively exhaust it. In its prior order (Dkt. # 17), this Court noted that "[i]ndividuals pursuing a claim under Title VII are required to first file administrative charges with the [EEOC], or, if applicable, its state counterpart." Dkt. # 17, at 1 (citing 42 U.S.C. § 2000e-5(e)). The charge "must contain facts concerning the discriminatory and retaliatory actions underlying each claim . . . ." Jones v. U.P.S., Inc., 502 F.3d 1176, 1186 (10th Cir. 2007). "[E]ach discrete incident of [discriminatory or retaliatory] treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003). "[W]here discrete incidents of discrimination occur after an employee files an initial EEOC charge, the employee must file an additional or amended charge with the EEOC to satisfy the

exhaustion requirement as to discrete incidents occurring after the initial charge." Lincoln v. BNSF Ry. Co., 900 F.3d 1166, 1181 (10th Cir. 2018). "[U]nexhausted claims involving discrete employment actions are no longer viable." Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003).

Normally, a plaintiff "may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter." Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1194 (10th Cir. 2004) (internal quotation marks omitted). However, it is well established that "[a] Title VII claimant is not charged with the commission's failure to perform its statutory duties." EEOC v. W.H. Braum, Inc., 347 F.3d 1192, 1200-01 (10th Cir. 2003) (quoting Russell v. Am. Tobacco Co., 528 F.2d 357, 365 (4th Cir.1975)); Dent v. St. Louis-San Francisco Ry. Co., 406 F.2d 399 (5th Cir. 1969). "The Commission's failure actually to issue the notice cannot defeat the claimant's statutory right to sue in the district court." Braum, 347 F.3d at 1200.

Here, at this early stage of the litigation, the Court finds discovery is required in order to determine several issues with respect to the plaintiff's exhaustion of his administrative remedies as to count two. With respect to the April charge, evidence is required to determine whether plaintiff's termination was ever added to his charge by the OCRE, or whether there was any type of follow-up regarding the request to amend the charge. With respect to the May charge, evidence is required to determine whether the charge was ever actually received, whether there was any response from the OCRE or the EEOC, and, if so, what the response was. Plaintiff alleges that the May charge was "filed with the EEOC." Dkt. # 18, at 5. That there is no stamp indicating the document was received creates a question of fact as to receipt that requires a weighing of evidence that is inappropriate at this juncture. Viewing the complaint in the light most favorable to plaintiff, it is clear that there is

11

not enough evidence to indicate whether, how, or to what extent the administrative charges were processed. As a result, the motion to dismiss the retaliation claim (count two) must be denied. The Court notes that this denial is without prejudice to further arguments regarding administrative exhaustion at the summary judgment stage.

**IT IS THEREFORE ORDERED** that defendant's motion for partial dismissal (Dkt. # 20) is **denied**.

**DATED** this 24th day of November, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE