UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN HOFFMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CV-0224-CVE-CDL |
| ) | |
| PRYER AEROSPACE, LLC, a domestic ) | |
| limited liability company professional, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is defendant Pryer Aerospace, LLC's motion to reconsider (Dkt. # 31) the Court's November 24, 2020 opinion and order (Dkt. # 29) denying defendant's motion to dismiss count two of the amended complaint (Dkt. # 20). Plaintiff John Hoffman filed a response (Dkt. # 41), and defendant filed a reply (Dkt. # 43).

**I.**

Briefly, in count two of plaintiff's original complaint (Dkt. # 2), he alleged retaliation against his former employer, defendant, based on racial discrimination in violation of Title VII. Dkt. # 2, at 5. Defendant moved to dismiss the retaliation claim (Dkt. # 6), arguing that plaintiff provided no evidence that he exhausted his administrative remedies prior to bringing the claim, as required by Title VII. The Court granted defendant's motion to dismiss without prejudice and allowed plaintiff to file an amended complaint "to restate all other claims and amend his Title VII retaliation claim, including exhibits." Dkt. # 17, at 4.

Plaintiff filed an amended complaint (Dkt. # 18) that included five exhibits: a complaint filed with the Office of Civil Rights Enforcement (OCRE), dated February 1, 2018; a charge of discrimination based on harassment and denial of promotion, dated April 12, 2018 (April charge); a charge of discrimination based on plaintiff's suspension, dated May 29, 2018 (May charge); an email from plaintiff's attorney to Oklahoma's Office of the Attorney General attempting to amend the April charge to include the plaintiff's subsequent termination; and a Dismissal and Notice of Rights ("right to sue") letter corresponding to the April charge.

Defendant again moved to dismiss the retaliation claim (Dkt. # 20), first arguing the April charge was never properly amended to include termination, and thus the retaliatory termination claim was not administratively exhausted. Defendant also argued plaintiff had not stated a claim for retaliatory suspension in his amended complaint, and that, even if he had, there was no evidence that the May charge was ever administratively exhausted. In response (Dkt. # 26), plaintiff argued that the new attachments demonstrated that he exhausted his administrative remedies to the extent possible, and that the failure of the OCRE or Equal Employment Opportunity Commission (EEOC) to amend the April charge or resolve the May charge should not bar his claims.

In the Court's November 24, 2020 opinion and order, it denied defendant's motion to dismiss plaintiff's claim for retaliation because it found that plaintiff's amended complaint adequately pled a claim for retaliation based on retaliatory suspension and termination. The Court also found that questions of fact existed as to "whether, how, or to what extent the administrative charges were processed" that could not be appropriately resolved on a motion to dismiss. Dkt. # 29, at 12. Defendant now moves the Court to reconsider that opinion and order (Dkt. # 31).

**II.**

A motion to reconsider may be granted for "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Torres v. Cintas Corp., No. 08-CV-0185-CVE-TLW, 2009 WL 2044796, at *1 (N.D. Okla. July 9, 2009). Defendant asks this Court to reconsider its opinion and order both in light of new evidence and to correct clear error and prevent manifest injustice. Dkt. # 31, at 4.

**III.**

In its motion to reconsider, defendant argues: i) the Court must dismiss the retaliatory suspension claim alleged in the May charge based on new evidence received in response to a FOIA request to the EEOC; ii) the Court must dismiss the retaliatory termination claim because the April charge does not reference termination and the request to amend the charge had no effect; and iii) that the Court must dismiss the retaliation claim because allowing it to proceed results in "manifest injustice" to defendant as defendant is forced to engage in discovery on claims that have not been adequately pled.[1]  Because the Court finds defendant's "new evidence" does not alter the Court's

---

[1] Defendant also argues that the amended complaint "does not incorporate any allegations or evidence regarding exhaustion that were not previously presented to the Court in the course of adjudicating the [d]efendant's initial partial motion to dismiss." Dkt. # 31, at 1. The Court finds this is an interesting argument from defendant which, in its reply to the initial motion to dismiss, argued that the Court was prohibited from considering the documents plaintiff submitted in the briefing of that motion. Dkt. # 16, at 2-4. The Court–realizing the issues with plaintiff's original complaint–granted defendant's motion to dismiss, but allowed plaintiff the opportunity to properly plead his claims. Dkt. # 17. Plaintiff then submitted the amended complaint with exhibits, which the Court evaluated as part of the amended complaint in its subsequent order (Dkt. # 29). Defendant cannot now complain that the documents submitted with the amended complaint should have been fully considered when ruling on the initial motion to dismiss (Dkt. # 6), primarily because they were not part of the complaint per Federal Rule of Civil Procedure 10(c) and because defendant vehemently

jurisdiction over the retaliatory suspension claim, and because the Court still finds discovery is required to determine whether, how, or to what extent the EEOC responded to plaintiff's request to amend the April charge to include termination, the Court denies the motion to reconsider. Because the claims survive the motion to dismiss, manifest injustice does not result from discovery.

### A. New Evidence

Defendant asserts it received new evidence on November 10, 2020, in response to a FOIA request to the EEOC regarding the May charge. Dkt. # 31, at 8. According to defendant's repeated assertions, the new information from the EEOC "confirm[ed] the May charge was filed with the EEOC."[2]  Id.  Defendant's response also indicated the EEOC "has not issued a right to sue notice regarding the May charge." Id.  Based on that information, defendant asserts that dismissal of the retaliatory suspension claim alleged in the May charge is appropriate because "[p]laintiff has not shown and cannot show that a right to sue notice has issued with respect to the May charge." Id.

---

      contested the appropriateness of considering them as part of the original complaint. Dkt. # 16, at 2-4.  Ultimately, as a matter of law, "[a]n amended complaint supersedes a prior complaint 'and renders it of no legal effect." Mooring Capital Fund, LLC v. Knight, 388 F. App'x 814, 823 (10th Cir. 2010) (quoting Davis v. TXO Prod. Corp., 929 F.2d 1515, 1517 (10th Cir. 1991)). Therefore, the Court's ruling on an initial complaint is not binding on the Court when ruling on issues in an amended complaint.

[2]      On the same page defendant states "[d]efendant respectfully maintains there is no need for discovery to determine whether or when the May charge was filed." Dkt. # 31, at 8.  The Court disagrees.  At first, (and in direct contradiction to defendant's statement that no discovery was needed) it appeared defendant had already conducted discovery to confirm whether the May Charge was, in fact, filed with the EEOC. Id.  However, as plaintiff notes, the "new evidence" does not appear to be related to this case, as it bears a different case caption and charge number. Dkt. # 41, at 1-2; 7-8.  Inexplicably, defendant does not disavow the "new evidence" in its reply, instead stating that its position is "bolstered by EEOC correspondence indicating that no right to sue notice has been issued with respect to the May charge." Dkt. # 43, at 5.  Defendant's behavior is troubling.  The Court feels it necessary to voice its concern, especially when considering plaintiff's statement that he advised defendant of the EEOC's apparent error before defendant brought its motion. Dkt. # 41, at 8.

Defendant acknowledges that, per the Court's prior order, "[a] Title VII claimant is not charged with the commission's failure to perform its statutory duties." Dkt. # 29, at 11 (quoting EEOC v. W.H. Braum, Inc., 347 F.3d 1192, 1200-01 (10th Cir. 2003), and Russell v. Am. Tobacco Co., 528 F.2d 357, 365 (4th Cir. 1975)). However, defendant argues that the "EEOC has not failed to provide notice or comply with other statutory or regulatory responsibilities, it has simply not concluded its administrative process," and that, as a result, plaintiff has not administratively exhausted his claim. Dkt. # 31, at 9. The Court disagrees.

"The EEOC has exclusive jurisdiction over a claim during the 180 days following the filing of a charge with the EEOC by an aggrieved individual." Braum, 347 F.3d at 1200 (citing EEOC v. Waffle House, Inc., 534 U.S. 279, 291 (2002)). "Section 2000e-5(f)(1) requires EEOC to issue a 'right to sue' notice if, within 180 days after a charge is brought, the Commission has neither filed suit in its own name nor achieved a private settlement. Thus, [plaintiff] is entitled to such notice if the appropriate conditions exist." Perdue v. Roy Stone Transfer Corp., 690 F.2d 1091, 1093 (4th Cir. 1982). "[I]t is entitlement to a 'right to sue' notice, rather than its actual issuance or receipt, which is a prerequisite to the jurisdiction of the federal courts under § 2000e-5(f)(1)." Id. Therefore, after the expiration of the 180 days, an aggrieved employee–who is now entitled to receive a decision regarding the right to sue–may file suit in federal court "even if a right-to-sue letter was not actually received." Braum, 347 F.3d at 1200–01 (citing Perdue, 690 F.2d at 1093). As it has been longer than 180 days since the May charge was filed, plaintiff's claim for retaliatory suspension is properly before the Court, regardless of the EEOC's administrative disposition of the matter.

### B. Clear Error

Defendant also argues that the Court erred as a matter of law by allowing the claim for retaliatory termination to proceed because that claim was never administratively exhausted. As relevant here, defendant maintains that the claim for retaliatory termination was not properly added to the April charge, the only charge under which plaintiff had received a right to sue letter.[3] Dkt. # 31, at 6-8. The Court agrees that the April charge submitted to EEOC did not state plaintiff believed he was subjected to retaliatory termination. In fact, as of the date of the April charge, plaintiff had not yet been terminated. However, as addressed in the Court's opinion and order, plaintiff's amended complaint alleges that on June 12, 2018, plaintiff's counsel reached out to the OCRE to request that plaintiff's charge be amended to reflect that plaintiff had been terminated as a result of discrimination. Dkt. # 18, at 5. He included that communication in his amended complaint. Dkt. # 18-4. The Court found that this new allegation and the supporting documentation were sufficient to allow plaintiff's termination claim to survive a motion to dismiss, subject to further factual investigation into whether the EEOC acted on this letter.

Defendant argues that this was error because "[p]laintiff has provided no evidence" in support of his allegations that the EEOC may have failed to add termination to the April charge after a request to do so was made. Dkt. # 31, at 2. The Court notes that this lack of evidence from the EEOC is precisely why it requested discovery into the matter. Dkt. # 29, at 11-12. This inquiry is all the more necessary given the state of case law on issues relating to amending charges and

---

[3] As the May charge does not discuss plaintiff's termination, it is not relevant here.

attempts to amend charges.[4] Given the foregoing, the Court finds that defendant's motion to reconsider based on clear error is denied.

Finally, the Court recognizes plaintiff has requested costs on this briefing; however, the Court does not find that costs are warranted at this juncture. The Court's position on the issue of costs is subject to change moving forward, pending any further instances similar to the one noted in footnote two of this opinion and order.

**IT IS THEREFORE ORDERED** that defendant's motion for reconsideration (Dkt. # 31) is **denied**.

**DATED** this 1st day of February, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[4] Courts have held that formal amendments are not required to effectively amend a Title VII charge. Rhines v. Salinas Const. Techs., Ltd., No. CIV.A. C-11-262, 2012 WL 3249532, at *6 (S.D. Tex. Aug. 7, 2012) (holding that "[t]o dismiss Plaintiff's retaliation claim based solely on his failure to sign and return the amendment to his charge of discrimination would constitute an unjust and needless procedural barrier"); Cargo v. Kansas City S., No. CIV.A. 05-2010, 2009 WL 3010835, at *3 (W.D. La. Sept. 16, 2009) (finding a letter plaintiff sent to an EEOC investigator that attempted to add termination to a charge was "an apparent effort to amend the Charge of Discrimination," and so that court construed it "as a request for the EEOC to take remedial action"). The Tenth Circuit does not appear to have addressed the issue.